IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                               **Case No. 08-40053-01-RDR**

ANTHONY JEROME STARKS,

        Defendant.

### MEMORANDUM AND ORDER

On January 22, 2009, the defendant was sentenced. The purpose of this memorandum and order is to memorialize the rulings made by the court during that hearing.

The defendant entered a plea of guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Following the preparation of the presentence report, the defendant raised one objection to it. The defendant objects to the factual information contained in the presentence report which forms the basis for the enhancement for reckless endangerment/obstruction pursuant to U.S.S.G. § 3C1.2. The government agreed in the plea agreement not to recommend this enhancement. The probation office believes that the enhancement is appropriate based upon the facts in this case.

The facts before the court show that the defendant fled from law enforcement officers in a vehicle at a high rate of speed on October 26, 2007. He led officers on a high speed chase through residential areas and apartment complexes. During the chase, the

defendant hit a part of an apartment building when he spun his car around. He then drove his car towards a marked patrol car and avoided hitting it only because the wheels of his car turned as he drove over a curb toward the patrol car. He was under the influence of alcohol during this high speed chase, but he was not legally intoxicated since his blood alcohol content was only .048.

Section 3C1.2 provides for a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." A defendant acts recklessly for purposes of this enhancement when he "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." United States v. Conley, 131 F.3d 1387, 1389 (10th Cir. 1997).

The defendant has specifically called the court's attention to an investigation that occurred after the incident. The defendant suggests that this report fails to support the allegation that he drove his vehicle at a marked patrol car and just avoided hitting it. In the report, the investigating officer notes that he failed to find "any tracks where a vehicle jumped the curb." The court continues to believe that ample evidence remains in the record to support the aforementioned factual scenario. The officer at the

scene specifically reported the following: "The vehicle then drove over the curb once again and approached my vehicle at a high rate of speed, as if it was going to ram me." However, even if the court found that the evidence was lacking to support this aspect of the incident, we would continue to find that the enhancement under § 3C1.2 was applicable here. A high-speed car chase such as the one initiated by the defendant clearly satisfied the standard set forth in § 3C1.2, even without the disputed part of it. See Conley, 131 F.3d at 1389-90. Accordingly, this objection was denied.

**IT IS SO ORDERED.**

Dated this 29th day of January, 2009 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge